IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20110066-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (July 6, 2012) |
| Ismail Abdullahi Mohamed, | ) | |
| | ) | 2012 UT App 183 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 101902145
The Honorable Deno G. Himonas

Attorneys:      Debra M. Nelson, Salt Lake City, for Appellant
                Mark L. Shurtleff and Kenneth A. Bronston, Salt Lake City, for
                Appellee

-----

Before Judges Voros, Orme, and Roth.

¶1      Ismail Abdullahi Mohamed appeals his conviction on drug charges after a jury trial, asserting that the evidence was insufficient to convict him. We affirm.

¶2      Mohamed argues that the evidence was insufficient to convict him because there was an obvious language barrier and no reasonable person could find that he knew that he was facilitating a drug deal. A challenge to the sufficiency of the evidence must be preserved by raising the issue first in the trial court. *See State v. Holgate*, 2000 UT 74, ¶ 16, 10 P.3d 346. Mohamed asserts that the issue raised here was preserved in his motion for a directed verdict after the close of the State's case. To preserve an issue for appeal, the issue must be "specifically raised such that the issue was sufficiently raised to a level of consciousness before the trial court." *State v. Pedersen*, 2010 UT App 38,

¶ 42, 227 P.3d 1264 (internal quotation marks omitted). In his motion for directed verdict Mohamed asserted that the evidence was insufficient because of confusion between several people who all went by the same name, asserting that this was a case of mistaken identity. In contrast, on appeal, Mohamed argues confusion regarding the terms used because English is his second language and there was no evidence that he understood the slang word for cocaine. This issue was not specifically raised in the trial court, however, and accordingly is not preserved for appeal. *See id.*

¶3    Alternatively, Mohamed argues that the trial court committed plain error in sending the case to the jury because the evidence was insufficient and that such insufficiency should have been obvious to the trial court. When challenging the sufficiency of the evidence under the plain error doctrine, "a defendant must demonstrate first that the evidence was insufficient to support a conviction of the crime charged and second that the insufficiency was so obvious and fundamental that the trial court erred in submitting the case to the jury." *Holgate,* 2000 UT 74, ¶ 17. When reviewing the sufficiency of the evidence, an appellate court views the evidence and all inferences drawn in a light most favorable to the jury verdict. *See id.* ¶ 18. The evidence will be considered insufficient only if it is "sufficiently inconclusive or inherently improbable such that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime for which he or she was convicted." *Id*.

¶4    In this case, the evidence was sufficient to support the conviction. Although a code word for cocaine was used, Mohamed's conduct and interactions over the course of events indicate that he knew what was being asked and that he assisted the officers in finding drugs to purchase. He escorted them to a place where drug dealers are typically present. When Mohamed and the officers encountered some dealers on an apartment building's steps, he warned the officers against going into the building to complete a drug deal, telling the officers the men would likely rob them. He ultimately found someone with whom he was familiar to sell the officers drugs. Although the brief conversation Mohamed had with the dealer was in a language other than English, immediately after that conversation, the dealer asked the officer "how much" and completed the deal. Such an interaction permits the inference that Mohamed alerted the dealer that the officers were looking for drugs. Overall, the evidence and the reasonable inferences to be drawn therefrom support the conclusion that Mohamed

20110066-CA                                    2

understood that the officers were seeking drugs and that Mohamed knowingly and willingly assisted the officers in finding drugs to buy.

¶5 Affirmed.

_____

J. Frederic Voros Jr.,
Associate Presiding Judge

_____

Gregory K. Orme, Judge

_____

Stephen L. Roth, Judge